FILED
2022 Feb-15 PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GENEVA BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 2:20-cv-1843-AMM** |
| | ) | |
| **RAILCREW XPRESS LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This case is before the court on motions to dismiss by Defendant Railcrew Xpress LLC ("Railcrew"), Docs. 29, 31, 35, and an application for appointment of counsel by Plaintiff Geneva Brown, Doc. 34. For the reasons below, the motion to dismiss, Doc. 29, is **GRANTED IN PART** and **DENIED IN PART**: Ms. Brown's claims are **DISMISSED** except for her retaliation claim. The supplemental motions to dismiss, Docs. 31, 35, are **DENIED**, and the application for appointment of counsel, Doc. 34, is **DENIED**.

## I. BACKGROUND

On November 18, 2020, Ms. Brown, through her then-attorney, Jacquese Antoinette Gray, filed the original complaint in this action. Ms. Brown alleged that she was employed by Railcrew for over a year and that her job as a driver "was to pick up crew members from the trains and transport them to their next destination." Doc. 1 ¶¶ 1, 10. Ms. Brown alleged that she is African-American. *Id*. ¶ 7. Ms. Brown

alleged that when she transported crew members, they "sexually harass[ed] her, comment[ed] about her attire, request[ed] sexual contact through hugging, and attempt[ed] to have more than a work relationship by requesting Ms. Brown to provide her phone number." *Id*. ¶ 11. Ms. Brown alleged that those advances made her uncomfortable and that she reported them to her supervisor, John Sears, who blamed her for the advances. *Id.* ¶¶ 12-13. Ms. Brown alleged that in retaliation for reporting harassment, Mr. Sears ignored her and her hours were reduced. *Id*. ¶ 41. Ms. Brown alleged that she filed a charge of discrimination (based on race and sex) and retaliation with the Equal Employment Opportunity Commission (EEOC) in February 2020. *Id*. ¶ 8. Ms. Brown alleged that because of "[her] filing, inappropriate and unprofessional comments have been made to [and about] her." *Id*. ¶ 15.

The original complaint asserted claims in three counts: (1) a claim against Railcrew and John Sears for discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) a claim against Railcrew and John Sears for retaliation in violation of Title VII; and (3) a claim against Railcrew and John Sears for hostile work environment based on sexual harassment in violation of Title VII. Doc. 1 at 3-4. Counts Two and Three incorporated by reference all preceding counts. *See* Doc. 1.

A week after filing the complaint, Ms. Gray terminated her attorney-client relationship with Ms. Brown. Doc. 18 at 1. But Ms. Gray did not notify the court, did not file a motion to withdraw, and remained counsel of record.

Railcrew filed an answer. Doc. 7. Mr. Sears moved to dismiss on the ground that as an individual, he cannot be held liable for violations of Title VII. Doc. 8. The court granted Mr. Sears' motion to dismiss. Doc. 13. The court also struck the complaint as an impermissible shotgun pleading and ordered repleader by March 23, 2021. Doc. 13 at 3-4.

Ms. Gray attempted to send that order to Ms. Brown by email, but used an incorrect address. Doc. 18 at 1-2. As a result, Ms. Brown was not informed that her complaint had been stricken and that she had been ordered to replead; the deadline to replead came and went; and Railcrew moved to dismiss for failure to comply with a court order. Doc. 15. The court ordered Ms. Brown to show cause why the motion to dismiss should not be granted. Doc. 17.

In response to the show-cause order, Ms. Gray informed the court of what happened, after which Ms. Gray's motion to withdraw was granted and Ms. Brown's deadline to replead was extended. Docs. 18, 19, 20, 24. The court instructed Ms. Brown to file her amended complaint using the form for plaintiffs proceeding *pro se*. Doc. 24 at 1.

Ms. Brown timely filed an amended complaint using the proper form. Doc. 25. Ms. Brown checked boxes to assert Title VII claims based on discrimination (based on race and sex) and retaliation. Doc. 25 at 3-5. The form invites *pro se* plaintiffs to "attach additional pages if necessary." Doc. 25 at 5. Ms. Brown attached her EEOC charge; two handwritten pages; and a portion of a document similar to her original complaint. Doc. 25 at 6-7, 10-14.

Ms. Brown's EEOC charge and the document she handwrote clarify many of the allegations in the original complaint. The basis for Ms. Brown's hostile work environment claim is alleged sexual harassment by two individuals. *Id*. at 11. One individual allegedly told Ms. Brown that she would "make . . . a good wife" and that she is "beautiful and complimented [her] on [her] clothes and shoes." *Id*. The other individual allegedly told Ms. Brown she was "pretty," "asked [her] for a hug," and asked her for her phone number. *Id*.

Ms. Brown allegedly reported that conduct to Mr. Sears, to the yardmaster, and to HR. The basis for Ms. Brown's retaliation claim is alleged conduct after that report. Following Ms. Brown's report, Mr. Sears allegedly "ensures the camera mounted in the vehicle is pointed at [Ms. Brown] when she drives," refused on one occasion to grant Ms. Brown family leave time, and ignored her complaint that the vehicles (apparently those she drives) are infested. *Id*. at 11-12. The yardmaster allegedly accused Ms. Brown of sexual harassment and suggested that Ms. Brown

gives her phone number out to everyone. *Id*. at 11. And the individual who called her "beautiful" allegedly cursed her, called her disrespectful names, and once refused to tell her where they were going after their drop-off location was changed during the ride. *Id*. at 13-14.

Railcrew again moved to dismiss, asserting that Ms. Brown's amended complaint remains "an impermissible shotgun pleading" and that even if it is not, her racial discrimination claim and hostile work environment claim are due to be dismissed for failure to state a claim. Doc. 29 at 2. Railcrew further asserts that fictitious parties are due to be dismissed because fictitious parties are disfavored in federal court. *Id*. at 2. A briefing schedule on the motion to dismiss was entered, but Ms. Brown did not file a response to the motion. Doc. 30. Railcrew filed a supplemental motion to dismiss on the ground that Ms. Brown did not respond to the motion to dismiss. Doc. 31. The court ordered Ms. Brown to show cause why the motion to dismiss should not be granted. Doc. 32. In response, Ms. Brown filed a request for appointment of an attorney and asserted that she had made several unsuccessful attempts to retain new counsel. Doc. 34. Railcrew again moved to dismiss. Doc. 35.

## II. STANDARD OF REVIEW

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not

make "detailed factual allegations"; its purpose is only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. To test the complaint, the court discards any "conclusory allegations," takes the facts alleged as true, *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), and "draw[s] all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). These facts and inferences must amount to a "plausible" claim for relief, a standard that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## III. ANALYSIS

### A. Ms. Brown's Racial Discrimination Claim Is Dismissed.

Title VII provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII for racial discrimination, a plaintiff must allege a fact which "plausibly suggest[s] that the plaintiff suffered an adverse employment action due to intentional racial discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

Ms. Brown did not allege a fact that plausibly suggests that the mistreatment she allegedly suffered was due to intentional racial discrimination. Indeed, other than Ms. Brown's allegation that she is African-American, none of her allegations mention race, and she concluded her EEOC charge with the following statement: "I believe that I was sexually harassed, and retaliated against for reporting it, in violation of Title VII . . . ." Doc. 25 at 12. Accordingly, Railcrew's motion to dismiss Ms. Brown's racial discrimination claim is **GRANTED** and that claim is **DISMISSED**.

**B. Ms. Brown's Hostile Work Environment Claim Is Dismissed.**

Title VII provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). "[S]exual harassment so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment violates Title VII." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998) (cleaned up). On the other

hand, “simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.” *Id*. at 788 (cleaned up). The Supreme Court has instructed lower courts to “filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.” *Id*. (cleaned up).

Although Ms. Brown’s original complaint did not make clear whether she was asserting both a sex discrimination claim based on a discrete adverse action and a hostile work environment claim based on her sex, or only the latter claim, her amended complaint clarified her allegations. Ms. Brown is asserting only a hostile work environment claim based on alleged sexual harassment by two individuals; none of her factual allegations suggest that something like a discrete adverse action was taken based on her sex. Ms. Brown alleged that one individual once commented on her appearance and told her she would make a good wife and the other individual once commented on her appearance, asked for her phone number, and asked for a hug. Those are the kind of occasional abusive instances that are not severe or pervasive enough to be actionable under Title VII. *See id.* Accordingly, Railcrew’s motion to dismiss Ms. Brown’s hostile work environment claim is **GRANTED** and that claim is **DISMISSED**.

**C. The Fictitious Parties Are Dismissed.**

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (cleaned up). Ms. Brown listed Fictitious Defendants A, B, and C in her amended complaint, but provided no description of those defendants nor otherwise made allegations suggesting that this is the exceptional case in which fictitious party pleading must be allowed. Doc. 25 at 2-3. Accordingly, Railcrew's motion to dismiss those defendants is **GRANTED** and Fictitious Defendants A, B, and C are **DISMISSED**.

**D. Ms. Brown's Remaining Claim (Retaliation) Will Not Be Dismissed.**

Ms. Brown's original complaint suffered from shotgun pleading issues because it asserted multiple counts against multiple defendants without alleging which facts support which claims. *See* Doc. 13 at 3-4. Those issues are no longer present because Ms. Brown's only remaining claim is one for Title VII retaliation against Railcrew. In its first motion to dismiss Ms. Brown's amended complaint, Railcrew did not assert that Ms. Brown's allegations are insufficient to state a claim for retaliation under Title VII. *See* Doc. 29 at 2-3.

Railcrew's subsequent motions to dismiss, Docs. 31, 35, are based on Ms. Brown's failure to defend her amended complaint against Railcrew's motion to dismiss, Doc. 29. Instead of briefing that motion, Ms. Brown responded by filing an application for appointment of counsel. Doc. 34. From Ms. Brown's request for

counsel, the court infers that Ms. Brown's failure to brief the motions to dismiss was not based on any carelessness on her part (let alone the kind of bad faith that would warrant a sanction such as dismissal), but rather on her perception that she needed assistance of counsel to survive a motion to dismiss. Accordingly, Railcrew's motions to dismiss this action based on Ms. Brown's failure to defend her amended complaint are **DENIED**. Docs. 31, 35.

**E. Ms. Brown's Request For Appointment Of Counsel Is Denied.**

Ms. Brown filed an application for appointment of counsel. Doc. 34. 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." Such a request in a civil case is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

In *Fowler*, the Eleventh Circuit discussed with approval *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982), which gives the following factors that district courts should consider in deciding a motion to appoint counsel under the statute: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross

examination." *Id*. at 213. The court also considers whether counsel might aid in sharpening the issues and shortening any trial. *Id*.

As to the first factor, Ms. Brown's only remaining claim is a Title VII retaliation claim, which is the kind of claim that it is not uncommon for a plaintiff to prosecute *pro se*. As to the second factor, Ms. Brown's filings to date do not suggest that she is incapable of adequately presenting her case. As to the third factor, the record does not suggest that Ms. Brown will be unable to adequately investigate her case. As to the fourth factor, because discovery has not commenced, the court is unable to determine whether the evidence will consist in large part of conflicting testimony. The court also is unable to determine whether counsel might aid in sharpening the issues and shortening any trial. Accordingly, at this time it does not appear that Ms. Brown's case is the exceptional one in which appointment of council is warranted, and Ms. Brown's application is **DENIED**. Doc. 34.

**DONE** and **ORDERED** this 15th day of February, 2022.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE